Yes, sir. Thank you. Rebecca Kurz from the Federal Public Defender's Office for Mr. Shephard. I just really have a couple quick points I want to make on the failure to calculate the guideline range issue. In support of that argument, I cite Holder and Milton, recent Eighth Circuit cases and First Step Act cases for resentencing that says you must calculate the guideline range before reimposing sentence on a First Step Act-eligible defendant. And that did not happen in this case. Let me stop you there because I spent some time on that issue. And it seems to me what maybe both briefs overlook is our remand order. Judge Wimes had two tasks before him. He had to resolve the 782 guidelines range, then he had to apply it to the extent it was applicable to this proceeding. And so he went through this proceeding, but he said at the end, when you and the opposing counsel were saying, well, we can work out that 782 thing and propose an order to you. And he said, well, I'm not comfortable. I'm going to look at it some more. And it seems to me that timing is critical to the Holder argument because his instructions from this court were to do them sequentially. Until you get the 782 range, you can't know the extent to which it applies. And so he waited until he had what he was comfortable with as a matter of a record. This is my interpretation. And then he decided, bang, bang. Now, what's wrong with that? See, that complies with, in other words, what he said at the sentence was tentative because of his instructions from us. What's wrong with that view of the Holder issue, not leaving aside your merits issue on the range? Well, I feel like, I think you said that those should be resolved sequentially. To me, it needs to be done at the same time. But you've got to figure out the 782 issue first because you've got two possible ranges, 360 to life or under the guideline amendment that went minus two offense levels, you're going to get the 292 to 365. And this particular problem there was that you had conflicting eligibility reports provided by the probation office. So first the probation office says it's 360 to life. But my point is that he didn't decide the first step back reduction until March, even though in January, he tentatively decided it. And in most cases, that would have been the decision, the oral trumps the written and so forth. But here he expressly said, and I think it was because of our giving him two assignments, I'm not ready to sign off on the first step until I see not only your proposed order, but think some more about what you're, you know, the issue. Well, it sounds like we're in agreement, Your Honor, because I feel like a guideline... Except I'm saying it's not a Holder mistake. It's not declining to decide the range first. It's deferring. It's only doing a tentative first step back reduction until the range is confirmed. My thought process would be a little bit different, in that first you need to make the guideline amendment that's actually retroactive, the 782, figure out what is your guideline range. 360 to life or 292, whatever it is I just said. 292 to 365. The First Step Act, our pleadings complicate that because we're saying, oh no, the guideline range is even lower. And we want intervening law, admittedly not retroactive, to apply. We want to say he should have gotten two less criminal history points, recency points. But he rejected that argument, either in January or in March. I disagree with you there. I don't think he rejected it because at the end of the hearing, everybody... If he decided 292 to 365, he rejected it. But he never decided that. He never explicitly states... He did. It's in the March order. Well, it's in the statement of reasons. That's controlling. But the case law holder says, decide the guideline range before imposing sentence.  The sentence isn't imposed until the statement of reasons. Well, okay. He imposed a sentence. It's entitled, Order for Sentence Reduction Pursuant to Section 404, date March 10, 2021. Second page, amended guideline range, 292 to 365. So whatever he said in January was subject to further... He said, I'm going to have to think some more about it. Well, he wanted to think more about the defense argument. You were telling him in January, the 782 range was going to be 292 to 365. Well, in the 782, yes. Then we came into the First Step Act and made the objection that it's even lower. He didn't do the First Step Act until the order I just read to you. Yeah. I've got the hearing is on January, 2021. No, but I read you from the order, Order for Sentence Reduction. Order date, March 10, 2021. That's the holder date. But March, 2021 comes after January, 2021 when he sentenced him without ever calculating... Oh, wait a minute, wait a minute, wait a minute. Calculating the guideline range. But why... This was done in March... 2021? Yeah. No, right. And the hearing was in January, 2021. And he sentences him without expressly making a guideline range determination. It wasn't effective. It's not effective until there's a final order in a circuit land. But then if you wait for the final order and that's where he calculates the guideline range, nobody gets to object. And if it's wrong, you have to remand and do it all over again. It should be like any other sentencing. Do it on the record. But let's get to the merits of the range. What case supports your retroactive application of 4A1.1E under the First Step Act? What would support the actual reduction? There's a case called Bowman in which that was applied, but Bowman was a 2255 case, not a First Step Act case. And so the problem I'm going to run into with this, and I'll admit it, is Burnell, Harris, Stallings say a district court is not required to reassess earlier sentencing decisions unaffected by the Fair Sentencing Act. But I think that could change when the Supreme Court decides Concepcion. Concepcion versus United States, and it's C-O-N-C-E-P-C-I-O-N. And in that case, the Supreme Court... Do you happen to have a Supreme Court number? Oh, well, maybe in my briefcase, and on rebuttal, I can get it for you. Or you can send it in 28J. Okay, okay. In that case, the Supreme Court, the issue, the way they framed it is, does a district court, when deciding if it should impose a reduced sentence in a First Step Act case, must or may consider intervening legal factual developments? So current Eighth Circuit case law is saying a district court may consider 3553A factors, may consider eating, but they don't have to. Our cases say that. Yes, they do. And so I can't win on that particular issue unless Concepcion comes down in my favor. And says must. Yes. And one other point, though, because the government is strongly talking about Mr. Shepard's post-sentencing, post-original sentencing conduct in prison, the write-ups, the violations, his bad behavior, bad behavior in court at his original sentencing. Well, that all falls under 3553A1, History and Characteristics of the Defendant. And I want to look at 3553A4, Guideline Range and Intervening Amendments. So I think the government kind of wants to have its cake and eat it, too. And say, well, sure, we've got to consider the defendant's history and characteristics, but we don't have to consider anything else under 3553A. And I feel like that is not truly an exercise of discretion. Because if a district court is simply going to say, well, I'll go along with A1, but I refuse to consider A4. And I just opt out. And I'm not going to do it. I think it has to be, I think 3553A factors should be considered. But it either has to be all or nothing. Because if you're going to rely on the first step, I'm sorry, I ran out of my time. But if you're going to rely on the First Step Act, the language where it says, determine sentencing as if Sections 2 and 3 of the Fair Sentencing Act were in effect at the time of the original sentencing, that's an all or nothing approach. If all you're going to consider is the change to the statutory ranges, then the government doesn't get to talk about bad behavior in prison, and I don't get to talk about new guideline ranges. If you're going to go and say that's the plain language of the statute, you're ruling out a lot of relevant information for sentencing. And that's kind of where the arguments in Concepcion were going. That's not where, we haven't gone there. You haven't gone that far. We haven't gone near that. That's where they're going in Concepcion. And one last thing I'd point out. The government is going there? I didn't really understand the government's position in Concepcion. They're saying, consider it if you want to. It's good, we'll check it out. Thank you. Can I, will you indulge me for two seconds more? Page 19, the district court said, let's not forget our 3553A factors. So this particular judge apparently was considering them, but he didn't ever reach my argument on the guideline range under A4. Thank you so much. Thank you. May it please the court, Brian Casey on behalf of the United States. Mr. Shepard filed a motion under section 404 of the First Step Act. The district court's requirement was to fully consider his arguments and provide a reason basis for his decision. That's what occurred in this case, and so this court should affirm. The issues that have been raised, one of them is about the retroactive   That's been decided by this court. There are several published opinions that don't address the particular guideline in question, and there's an unpublished opinion, Hines, where this court actually says, with regard to the actual objection that's raised, that it doesn't, the court didn't need to consider it because it was- Have we ever reversed a district court who did give a retroactive application based on the court's own view of First Step Act considerations? No, and I think the court could consider intervening changes in law. Okay, well, counsel said, this court said, I'm only going to consider half the loaf. Oh, I don't think that that's the record at all, your honor. In this case, the particular guidelines objection was briefed, and this court made a finding of what the guidelines were at the time it made its decision to reduce Mr. Sheppard's sentence. I think one thing that's kind of lost in this appeal is that his motion was granted. He received a sentence reduction. He received a sentence reduction from life to 40 years, so the appeal here is just over whether or not he could have received a greater reduction. Holder would be a problem if it was violated. Excuse me, your honor? Holder, our directive in Holder would be a problem if it was violated. I think it would be, but in this case, the record's very clear that it wasn't. Well, it's not very clear. I think it is, your honor. I think it is for a couple of reasons. That colloquy at the end in January between counsel left it very confusing, to me at least. Well, the court had an opportunity. Both parties went in with the 295-month range, and both parties said, even Mr. Sheppard's counsel said that was the range during their arguments. It was after the court ruled that then Mr. Sheppard's counsel said, well, judge, I actually had made an objection in my sentencing memo. I was looking for two levels, or I guess one criminal history category lower, where you rule on that. The court said, well, counsel, I could take a recess and look at it and come back with a ruling, and Mr. Sheppard's counsel says, no, your honor, that's fine. I'll write up a proposed order. You decide what the proper range is when you then sign the order. I don't think Mr. Sheppard's counsel can now object that- Is there a proposed order in the record on appeal? The proposed order was just emailed to chambers, and it's what the court signed. With the 295? Yes. Yeah, Mr. Sheppard's counsel prepared it with the 295 range, and the court said, well, let me take a recess. We can come back, and of course, a no. Mr. Sheppard's counsel prepared the order with the 295 range, and then that was the order that the court entered. So I don't think under this record we could find a holder, any type of holder error. And then as I argue in my brief, it's very clear from what Judge Wyham says that he was aware of the two different sentencing ranges. He had read the sentencing memos. He was aware of the objection. He was aware of this information, and his statement on sentencing was adamant that he wanted the statutory max for count six, which was 40 years. So I think under this court's case law about what harmless error would look like in this context, even were there a holder error, it would clearly be harmless. Are you familiar? I'm not familiar with Concepcion, are you? I'm not, Your Honor. I'm familiar with the issue as stated, and I think it was stated correctly by opposing counsel,  but you haven't studied the circuit court opinion in this question presented for cert, which tend to be determinative as to whether we should hold this case for that one. I have not, Your Honor. The other issue was whether or not the reduction that was granted was appropriate. The government's position is that the 480-month sentence was an appropriate reduction. It conformed with the First Step Act's ability for a district court to view the sentencing as if the Fair Sentencing Act was in effect. The district court moved from one statutory maximum of life to another statutory maximum of 40 years. It provided a very fulsome reason basis for that decision, and unless there are any questions from the panel on that issue, I have nothing further. Thank you, Your Honor. Very good. I'm not entitled to rebuttal, but I'll say I just simply disagree with how Mr. Casey reads the final couple pages of the sentencing hearing in the January proceeding. Defense counsel specifically asks for a ruling on her argument that it's a lower range based on lower criminal history points, and that looks to be at page 23 at the top, saying I did argue in my memo it should be 262 to 327. At the very end, page 25, line 4, the court says, well, I want to have the opportunity to review it. And then when defense counsel says, well, she says, I don't need a record, meaning I don't need to come back in and make a record. We will put it in the proposed order, but it's just a proposed order. So I think what she is saying is she fully expects that the district court may change his finding as to what the guideline range is, and all you do is contact defense counsel and say, get me another proposed order if he's adopting the lower range. So I just think it's too confusing. I think it needs to be remanded. Thank you. Thank you, counsel. Case has been well briefed, and argument has been helpful, and we'll take it under advisement. Does that conclude the morning's arguments? Yes, it does, your honor. Very good. The court will be in recess until 9 o'clock.